### NEAL et al. v. GROVES et al.

No. 24465.    Nov. 14, 1933.

Rehearing Denied Jan. 9, 1934.

Ruby Turner Looper, for petitioners.

Gill & Caldwell, for respondents.

BAYLESS, J. Clyde Neal, hereinafter called petitioner, petitions this court for a review of an award made by the State Industrial Commission in favor of William I. Groves, an employee of the petitioner, hereinafter called claimant.

While petitioner defended against the claim before the Commission on the ground that the claimant did not receive an accidental personal injury arising out of and in the course of his employment, nevertheless the evidence amply supports the finding of the Commission in this respect.

The other defense before the Commission was that the employment of the claimant was not a hazardous employment, within the meaning of the Workmen's Compensation Act. The facts are that the petitioner owned and operated an automobile salvage yard wherein automobiles were dismantled, the parts cleaned, repaired, altered, and otherwise made salable, and were then resold as salvaged or second hand parts. The evidence is that the claimant was repairing gear rings at the time of the injury, and this work was accomplished by cutting worn or defective teeth from the gear rings by means of a cold chisel and hammer and replacing them with good teeth, which were welded in place by means of an acetylene torch or burner. There is some contention as to whether the evidence shows that there was an electric battery charging machine in this shop, but the only evidence appearing in the record discloses that this machine was in another place of business. Therefore, the contention of the claimant, that the ownership of this electric battery charging machine was sufficient to constitute power-driven machinery and therefore bring this business within the statutory definition of a factory or workship, is without merit.

The finding of the State Industrial Commission was that this employment was hazardous, and we have searched the record in an effort to ascertain whether there is evidence to sustain this finding. The claimant does not contend that the acetylene torch or burner is "power-driven machinery" within the meaning of sections 13349 and 13350, O. S. 1931. However, we have given this matter some consideration, in an effort to determine whether it could be so considered. We are not cited any cases by either of the parties upon this point.

In the case of Kirchberger v. American Acetylene Burner Co., 124 Fed. 764, which is an opinion by the Circuit Court of the Northern District of New York, in an action involving the patent rights for an acetylene torch or burner, in the discussion of the contentions made, the court avoided the use of the terms "machine" or "machinery" in describing the acetylene torch or burner. It is called a "process" all the way through, and the terms "machine" or "machinery" are not even applied to the component parts of the completed acetylene torch or burner. The burner tip is referred to as a "device" and the tanks in which the acetylene gas and oxygen are stored are referred to as "receptacles."

Having determined that the acetylene torch does not constitute "power-driven machinery," as defined in section 13349, O. S. 1931, we therefore hold that the State Industrial Commission was without jurisdiction to make an award for said injury.

The award is therefore vacated.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., absent.